UNITED STATES FEDERAL DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL TROPICAL IMPORTS AND EXPORTS,<br>　　　Plaintiff, | :<br>:　Civil Case No.:<br>: |
| v. | :<br>: |
| RYAN ZINKE; in the official capacity as Secretary<br>of the United States Department of Interior<br>　　　and<br>U.S. FISH AND WILDLIFE SERVICE,<br>　　　Defendants. | :<br>:<br>:<br>:<br>: |

## COMPLAINT

The Plaintiff is Global Tropical Imports and Exports and through the undersigned attorneys the Plaintiff files this complaint seeking relief from a final administrative agency action imposing a civil penalty.

**I.    PARTIES**

1.    Plaintiff is Global Tropical Import & Export (Global) with an office located in Denver, CO. Global is a small business that imports and exports exotic retiles and fish.

2.    Defendant Ryan Zinke, in the official capacity as the Secretary of Interior of the United States, is the federal official responsible for the operations of the U.S. Fish and Wildlife Service. Secretary Zinke is being sued in the capacity as the chief officer of the department charged with overseeing the proper administration and implementation of the Administrative Procedures Act (APA) and the Endangered Species Act (ESA).

3.    Defendant U.S. Fish and Wildlife Service (FWS) is the federal agency within the United States Department of Interior with responsibility for implementing the ESA in compliance with the APA.  Secretary Zinke has delegated responsibility to the FWS to ensure compliance with the APA and the ESA.

**II.     STATUTES, JURISDICTION AND VENUE**

4.      On May 9, 2018, the administrative exhaustion was finalized by the Ad Hoc Board of Appeals for the FWS. (Exhibit 1).

5.      This action arises under the APA, 5 U.S.C. §§ 701-706, and the ESA, 16 U.S.C. §§ 1531-1544.

6.      This Court has general jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1346 (United States as Defendant).

7.      This Court has specific jurisdiction over this action under the APA, which provides in part, that "the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning of applicability of the terms of an agency action."  5 U.S.C. §§ 702, 706.

8.      The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial relief thereof."  5 U.S.C. § 702.

9.      Plaintiff seeks relief from FWS's enforcement action under 5 U.S.C. §§ 705 and 706 because an actual and justiciable controversy exists among Plaintiff and the Defendants.

10.     Venue of this Court is proper in the District of Columbia under 28 U.S.C. § 1391(e)(1) because the Secretary of Interior is an officer of the United States and the FWS primarily operates from this venue.

11.     Global's attorney fees and costs are sought under 28 U.S.C. §§ 1920, 2412.

12.     Service of process will be completed pursuant to Fed. R. Civ. P. 4(i)(1) and (2).

**III.    FACTUAL BACKGROUND**

  A. <u>Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES)</u>.

"CITES is an international agreement to which the United States is a party. 27 U.S.T. 1087 (1973)." The purpose of CITES is to prohibit or control trade in endangered and threatened species, while also allowing personal, educational, and commercial trade in these species. Member countries to the CITES agreement track and document the movement in trade throughout the world with a standard permit that accompanies the transported species. Among other information contained in the CITES permit is box 3 for inserting the "Importer (name and address)" and box 4 the "Exporter/re-exporter (name, address, and country)" with instructions on the reverse side of the permit. (Exhibit 2, p. 1).[1]

B. <u>Basis of the Dispute between Global and FWS</u>.

FWS alleges that Global violated CITES. Generally, FWS avers a violation of a federal statute, 16 U.S.C. §1538(c)(1), and specifically a federal agency regulation, 50 C.F.R. § 23.23(c)(2). Global imported a shipment of CITES protected species from Majoka Venom Supply, a Tanzanian company (Majoka). The protected status of the species is NOT at issue, rather the accompanying CITES form was "not signed by the exporter." FWS has alleged that Global is liable because Majoka did <u>not</u> sign the CITES form. There is no dispute the species was legally traded, rather it is a paperwork issue. The Global/ Majoka CITES permit/certificate number 28981 is the only documentary evidence relevant to this dispute, which lacks the exporter's (Majoka) signature in box 4.

Global's defense is that as the importer it cannot be held liable for the exporter's error. Further, the error occurred in Tanzania before the shipment left that country and was officially

---

[1] Exhibit 2 is 3 pages: (i) "sample CITES permit" (ii) "instructions" and (iii) CITES permit number 28981.

stamped, dated, and endorsed by Tanzanian CITES and ESA authorities. (Ex. 2, boxes 13-14).[2] Global was not the party responsible to sign the CITES permit and FWS agrees and does not allege otherwise.

In summary, the "CITES permit [certificate number 28981] was missing the required exporter's signature." (Ex. 2). But the FWS argues that the federal statute and agency regulation imposes strict liability – vicariously upon Global. Global's position is that there is no vicarious liability under the statute nor regulation. Further, the FWS did not submit a legal brief to the FWS Ad Hoc Board or provided any legal citations throughout dispute, rather merely arguing 'we say it is so, therefore it is so.' Finally, the FWS imputing vicarious liability is contrary to judicial decisions made by the Supreme Court of the United States.

V.    ALLEGATIONS BY GLOBAL AGAINST ALL DEFENDANTS

## COUNT I

Defendants Acted Contrary to Constitutional Rights and Privileges, 5 U.S.C. § 706(2)(B).

13.    Plaintiff fully incorporates all that is set forth above as if set forth herein.

15.    Due process is a constitutional right and privilege. Const., Amend. V.

16.    FWS has violated Global's substantive due process right and privilege by imputing a legal wrong committed by Majoka and assessing a civil penalty upon Global.

17.    In *Meyer*, the U.S. Supreme Court held that the U.S. Congress must use explicit statutory language when wanting vicarious liability to attach to an innocent party under a federal statute.[3]

---

[2] The shipment to Global included a total of six (6) CITES permits with five (5) permits signed by Majoka (exporter-applicant) and only permit/certificate number 28981 unsigned. Even the FWS has suggested that this single lacking signature was "possibly a clerical error" by Majoka.

18. In this case, there is no explicit federal statutory language under 16 U.S.C. §1538(c)(1) nor under the regulatory language, 50 C.F.R. § 23.23(c)(2), imposing vicarious liability.

19. Defendants fictional creation of vicarious liability denies Global due process for a CITES violation caused by the act of another entity, Majoka.

    **WHEREFORE**, Plaintiffs seek the remedies set forth in the Prayer for Relief and further relief as the Court deems equitable, just and proper under the circumstances.

## COUNT II

Defendants Acted Arbitrarily, Capriciously, Abused Discretion, and Not in Accordance with Statutory nor Regulatory Law, 5 U.S.C. § 706(2)(A).

20. Plaintiff fully incorporates all that is set forth above as if set forth herein.

21. FWS failed to cite any legal authority in support of vicarious liability, failed to submit a legal brief to the Ad Hoc Board, and failed to rebut the legal citations advocated by Global.

22. Defendants position has a matter of law is arbitrary, capricious, an abuse of discretion, and not in accordance with established law.

    **WHEREFORE**, Plaintiffs seek the remedies set forth in the Prayer for Relief and further relief as the Court deems equitable, just and proper under the circumstances.

## COUNT III

Defendants Acted in Excess of Statutory Jurisdiction, Authority, or Limitations, 5 U.S.C. § 706(2)(C).

23. Plaintiff fully incorporates all that is set forth above as if set forth herein.

24. Defendants enforcement action under the facts and law of this case exceed their jurisdiction and authority and are beyond their delegated limitations as a federal agency.

---

[3] *Meyer v. Holley*, 537 U.S. 280, 286-90 (2003) (providing a string of citations holding that Congress must be explicit in their statutory language when imposing vicarious liability). (citing, *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-845, (1984); *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

**WHEREFORE**, Plaintiffs seek the remedies set forth in the Prayer for Relief and further relief as the Court deems equitable, just and proper under the circumstances.

### COUNT IV

Defendants Acted Unsupported By Substantial Evidence, 5 U.S.C. § 706(2)(E).

25. Plaintiff fully incorporates all that is set forth above as if set forth herein.

26. Defendants have not provided any legal citations to either support their position or to rebut the legal citations provided by Global.

27. Defendants' acts are unsupported by any substantial evidence.

**WHEREFORE**, Plaintiffs seek the remedies set forth in the Prayer for Relief and further relief as the Court deems equitable, just and proper under the circumstances.

### COUNT V

Defendants Acted Unwarranted By the Facts and Entitled to a Trial, 5 U.S.C. § 706(2)(F).

28. Plaintiff fully incorporates all that is set forth above as if set forth herein.

29. Global seeks a jury trial.

**WHEREFORE**, Plaintiffs seek the remedies set forth in the Prayer for Relief and further relief as the Court deems equitable, just and proper under the circumstances.

### PRAYER FOR RELIEF

**WHEREFORE**, Global respectfully requests that this Honorable Court enter the following relief:

1. Dismissal in full of the FWS enforcement action: Notice of Violations and Proposed Civil Penalty.

2. An order awarding Plaintiff attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 et seq.

4. An Order granting further relief as the Court deems equitable, just and proper under the circumstances.

Attorneys for Plaintiff Global

By:_____          Date:  June _____, 2018.
Rodd Santomauro, Esquire
DC Bar 992167
611 Pennsylvania Avenue SE #207
Washington, DC 20003
Cell: 202-368-2520
Email: Rodd@RoddSantomauro.com


By:  /s/Patrick Flanigan                    Date:  June 5, 2018.
Patrick Flanigan
Pending Pro Hoc Vice Applicant
PA Bar No.: 92794
Attorney for Plaintiff
P.O. Box 42, Swarthmore, PA  19081-0042
Tel: (484) 904-7795  Email:  Pat@lawofficepf.com