# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GLOBAL TROPICAL IMPORTS AND EXPORTS LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **DAVID BERNHARDT, in his official capacity as U.S. Secretary of the Interior** *et al.*, <br><br> Defendants. | Case No. 1:18-cv-01341 (TNM) |

## MEMORANDUM ORDER

In 2015, Global Tropical Imports and Exports ("Global") imported various reptiles from Tanzania. Federal regulations require valid permits to import these reptiles. Because one of Global's permits was invalid, the U.S. Department of the Interior fined the company $15,000. Global challenged that fine. The Court found that the Department's decision to impose the penalty complied with applicable laws and thus did not violate the Administrative Procedure Act. *See Glob. Tropical Imports & Exports LLC v. Bernhardt*, 366 F. Supp. 3d 110 (D.D.C. 2019). Global has appealed that decision. *See* Notice of Appeal, ECF No. 27. Now before the Court is the company's Motion to Stay the Enforcement of a Final Judgment, ECF No. 29. Because Global has not met its burden of showing that a stay pending its appeal is warranted, the Court denies the Motion.

## I.

To begin with, Global's request for a stay appears to stem from a dispute between the parties about whether the company must deposit the amount of the fine and any applicable

interest into an escrow account. *See* ECF No. 29 at 1. But the Court's decision did not require Global to pay the fine the Department imposed. *See Glob. Tropical Imports*, 366 F. Supp. 3d at 117 n.7. It noted that while the Department asked the Court "to order Global to pay the civil penalty and any applicable interest," the Court "decline[d] to do so." *Id*. The Court explained that the Department's regulations establish a procedure and certain requirements for collecting such penalties, and that a Court order would circumvent those regulations. *See id.* (discussing 50 C.F.R. § 11.17). Thus, it is not clear that staying enforcement of the Court's judgment—which concerned the validity of the fine and not the terms of its payment—will have any effect on the parties' dispute.

In any event, Global has not shown that a stay pending appeal is warranted. Courts use a four-factor test to determine whether to issue such a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). A stay "is not a matter of right, even if irreparable injury might otherwise result," and the movant bears the burden of showing that issuing a stay is justified. *Id*.

## II.

The first two factors of this test are "the most critical." *Id*. For the first factor to weigh in its favor, Global must show a "*substantial* indication of *probable* success" on the merits. *Va. Petrol'm Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958) (emphasis added). It has not done so. In fact, Global's motion offers no arguments suggesting that it is likely to prevail on appeal, or that the Court's decision was wrong. *See* ECF No. 29. And as the Court explained, the law imposes strict liability on commercial importers of the reptiles in

question for a failure to present a valid import permit. *Glob. Tropical Imports*, 366 F. Supp. 3d at 115. Global conceded that it is a commercial importer of these reptiles and that one of its permits was unsigned. *See id*. The company was therefore strictly liable for this failure. Global has made no showing, much less a "strong showing," that it will succeed on the merits of its claim. *Nken*, 556 U.S. at 434. This factor thus weighs against granting a stay.

Nor has the company shown that it will suffer irreparable harm. True, Global is a "small business owned and operated by one individual." ECF No. 29 at 2. And small businesses can no doubt face difficulties without adequate access to cash funds for ongoing business operations. But irreparable harm requires showing more than an adverse economic effect on a business, even if that impact is substantial. *See Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 n.2 (D.C. Cir. 1977) (noting that the destruction of a business qualifies as an irreparable injury, but monetary losses that can be repaid do not). Global does not allege that placing funds into escrow will destroy its business, force it to enter bankruptcy, or cause some other sort of *irreparable* harm. And again, the Court's decision did not order Global to pay the fine. Thus, the Court finds that the second factor also weighs against granting a stay.

So do the remaining factors, which "merge when the Government is the opposing party." *Nken*, 556 U.S. at 435. These factors balance the public's interest against the movant's interest, and the public interest is broadly defined. *See Va. Petrol'm Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958). Here, the public has a substantial interest in federal agencies fulfilling their statutory duties. *See Sierra Club v. U.S. Army Corps of Engin'rs*, 990 F. Supp. 2d 9, 43 (D.D.C. 2013). More, Congress passed the Endangered Species Act and related laws under which the Department imposed a fine on Global to safeguard the public's interest in conserving vulnerable animal species. *See* 16 U.S.C. § 1538(c)(1). Global fails to

allege a countervailing private interest sufficient to offset the public's interest in compliance with these laws. So the third and fourth factor weigh also against granting a stay.

**III.**

In short, Global has failed to meet its burden of showing that a stay pending its appeal is warranted. For these reasons, it is

**ORDERED** that Global's Motion for a Stay on Enforcement of a Judgment, ECF No. 29, is hereby DENIED.

**SO ORDERED**.

Dated: July 2, 2019                                                            TREVOR N. McFADDEN, U.S.D.J.